FILED

2017 JAN 18 AM 11: 57

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THOMAS E. PEREZ, SECRETARY OF LABOR, )
UNITED STATES DEPARTMENT OF LABOR )
)
                                                                                                                                                                    FILE NO:      8:16-MC-00160 T-30 TBW
            Petitioner, )
)
V. )
)
DTV INSTALL, LLC, )
)
            Respondent. )

**RESPONDENTS' OBJECTION TO PETITIONERS' "PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA"**

Respondent DTV INSTALL, LLC, hereby objects to Petitioners' **"PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA"** and states as follows:

1. That the petitioner Subpoena Duces Tecum that was served on DTV INSTALL LLC and person receiving Subpoena; Miguel Alvarez served on October 11th 2016, was properly returned to Petitioner with the information which was requested on the Subpoena, satisfying six of 10 requests'.

2. That Petitioner wants and demands the outstanding requests.

3. That Respondent opposes to provide such outstanding information because such information required by the Petitioner is not covered by the Fair Labor Standards Act (FLSA) and as such information then not required to be provided to the Petitioner.

4. That the reason Respondent does not provide such information is because INDEPENDENT CONTRACTORS are not covered by the FLSA.

PAGE 1 OF 4

FILE NO:     8:16-MC-001608

5. That Petitioner claims as noted on the DECLARATION OF JIM ROGERS #8 b, "Mr. Alvarez claims DTV has no employees and refuses to provide the requested documents concerning independent contractors without Wage Hour first identifying the contractors for which information is being sought as a means of limiting the investigation solely to those who may have come forward and identified themselves in a complaint".

6. That Respondent claims that Wage Hours investigation must be on EMPLOYEES COVERED BY FLSA only and not on Independent Contractors, and that first the Wage Hour investigation needs to determined if and who is covered by FLSA.

7. That Respondent does not agree to give all that information requested on all Independent Contractors used by DTV INSTALL LLC, since Contractors are not covered by FLSA.

8. That Wage Hour is conducting an investigation on those individuals that have a complaint and know who those individuals are and if Wage Hour needs to determined if those complaining are in fact employees and not contractors, then Wage Hour needs to litigate and determine in a court of law if such individuals are employees or contractors.

9. That as noted and stated on the web site from the United States Department of Labor elaws employment laws assistance for workers and small businesses, FAIR LABOR STANDARDS ACT ADVISOR; Independent Contractors: The Supreme Court has said that there is no definition that solves all problems relating to the employer-employee relationship under the Fair Labor Standards Act (FLSA). The Court has also said that determination of the relation cannot be based on isolated factors or upon a single characteristic, but depends upon the circumstances of the whole activity. The goal of the analysis is to determine the underlying economic reality of the situation and whether the individual is economically dependent on the supposed employer. In general, an employee, as distinguished from an independent contractor who is engaged in a business of his own, is one who "follows the usual path of an employee" and is dependent on the business that he serves. The factors that the Supreme Court has considered significant, although no single one is regarded as controlling are:

(1) the extent to which the worker's services are an integral part of the employer's business (examples: Does the worker play an integral role in the business by performing the primary type of work that the employer performs for his customers or clients? Does the worker perform a discrete job that is one part of the business' overall process of production? Does the worker supervise any of the company's employees?);

(2) the permanency of the relationship (example: How long has the worker worked for the same company?);

(3) the amount of the worker's investment in facilities and equipment (examples: Is the worker reimbursed for any purchases or materials, supplies, etc.? Does the worker use his or her own tools or equipment?);

FILE NO:      8:16-MC-001608

(4) the nature and degree of control by the principal (examples: Who decides on what hours to be worked? Who is responsible for quality control? Does the worker work for any other company(s)? Who sets the pay rate?);

(5) the worker's opportunities for profit and loss (examples: Did the worker make any investments such as insurance or bonding? Can the worker earn a profit by performing the job more efficiently or exercising managerial skill or suffer a loss of capital investment?); and

(6) the level of skill required in performing the job and the amount of initiative, judgment, or foresight in open market competition with others required for the success of the claimed independent enterprise (examples: Does the worker perform routine tasks requiring little training? Does the worker advertise independently via yellow pages, business cards, etc.? Does the worker have a separate business site?).

10. That Respondent DTV INSTALL LLC, has ascertained and has determined, that all contractors used by Respondent are, as determined by the United States Supreme Court, in fact Contractors.

11. That to give all information of all those contractors used by Respondent to Wage Hour would be against FLSA employee coverage.

12. That Respondent has advised Wage Hour that will be glad to supply all information requested on any contractor that the Wage Hour wants as long as Wage hour supplies the name, business name, IRS Tax ID, and or any information of which Independent Contractor the Wage Hour wants information on.

13. That DTV INSTALL LLC is so far as of today's date 12/21/16 not reached sales and service over $250,000.00 for the year, which is also a factor determining if the Company falls under FLSA Laws.

WHEREFORE, Respondent prays that this Honorable Court denies Petitioners' **"PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA"** and denies any costs and expenses or awards, to Petitioner.

*[signature]*

Miguel Alvarez,
For the Company
214 Orange St, #35
Auburndale, Fl 33823
Email: dtvinstallfla@yahoo.com
407 459-3550

PAGE 3 OF 4

FILE NO:    8:16-MC-001608

# CERTIFICATE OF SERVICE

I, MIGUEL ALVAREZ' CERTIFY THAT I HAVE SERVED <u>RESPONDENTS' OBJECTION TO PETITIONERS, "PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA"</u> TO Petitioner's ATTORNEY OF RECORD AS FOLLOWS: THIS THE 18 DAY OF JANUARY, 2016 VIA U.S. MAIL AT: Office of solicitor, U.S. Department of Labor, 61 Forsith Street, SW, Room 7T10, Atlanta, GA. 30303 and via email: <u>steffenson.dane@dol.gov</u> Attorney for Petitioner.

MIGUEL ALVAREZ
3214 ORANGE STREET #35
AUBURNDALE, FLORIDA 33823
407 459-3550