UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

        Petitioner,

v.                                CASE No. 8:16-MC-160-T-30TGW

DTV INSTALL, LLC.

        Respondent.

## REPORT AND RECOMMENDATION

The United States Department of Labor, Wage and Hour Division, seeks to enforce in this lawsuit an administrative subpoena *duces tecum* served upon the respondent, DTV Install, LLC. For the following reasons, I recommend that the subpoena be enforced.

A petition was filed stating that an investigation was being conducted to determine whether the respondent violated provisions of the Fair Labor Standards Act (Doc. 2, p. 2). As part of its investigation, a subpoena for documents was served upon the respondent (id.).

Jim Rogers, an assistant district director of the Wage and Hour Division, United States Department of Labor in Tampa, Florida, filed a declaration under penalty of perjury that the subpoenaed documents are relevant, material and necessary for Wage Hour's investigation of the wages,

hours and other labor conditions and practices maintained by DTV (Doc. 3, ¶9). He alleges that the respondent largely satisfied six of the 10 requests, but that it refused to provide information related to workers whom the respondent's owner, Miguel Alvarez, deems independent contractors, and that Alvarez also claims that his company has no employees (id., ¶8). Rogers states further that Alvarez "said Wage Hour would need to get a court order to obtain the records" (id., ¶11).

An Order to Show Cause was issued directing the respondent to file a written response within twenty (20) days of service (Doc. 4). The Order further directed that, should the respondent raise any objection to the enforcement of the subpoena, its counsel should appear for a hearing on January 30, 2017, to show cause why the subpoena should not be enforced.

Objections to the Subpoena *Duces Tecum* were filed by Alvarez (Doc. 7). The respondent was informed in an Order dated January 24, 2017, that " [t]hese objections are not authorized" because, pursuant to Local Rule 2.03(e), a corporation may only be heard through an attorney (id.). The respondent was further advised that, "unless an attorney appears on the corporation's behalf and files new objections, or adopts the objections that have been filed, it will be recommended that the subpoena be enforced" (id.).

At the hearing, Alvarez, the respondent's owner, appeared without counsel. He argued that he is authorized to represent his company

because Local Rule 2.03(e) does not apply to an LLC. This argument is unpersuasive. Thus, "[p]ursuant to Local Rule 2.03(e), limited liability companies, like corporations, may appear and be heard only through counsel admitted to practice in the Court." TS Production, LLC v. Leadracer.com, Inc., No. 8:07-cv-686-T-24EAJ, 2007 WL 427735(M.D. Fla. 2007); see also Broadcast Music v. Blood Hound Brew, LLC, No. 6:14-CV-1705-Orl-22KRS, 2014 WL 12623799 (M.D. Fla. 2014)("a corporation, including a limited liability company, may appear and be heard only through counsel admitted to practice in this Court"); Lucibello v. Shamar Enterprises, LLC, No. 2:07-cv-431-FtM-34DNF, 2008 WL 686229 (M.D. Fla. 2008)("Non-natural persons or artificial entities such as corporations, partnerships, and associations, may appear in federal court only through licensed counsel); Cruz v. Petty Transportation, LLC, No. 8:08-CV-498-Orl-22KRS, 2008 WL 2157154 (M.D. Fla. 2008).

Notwithstanding the respondent's failure to file authorized objections, I reviewed the subpoena *duces tecum*. I recommend that it be enforced because it seeks information that is relevant, material, and necessary for Wage Hour's investigation to identify whether there are individuals who the respondent must treat as employees under FLSA and whether the respondent has complied with all provisions of FLSA as to those individuals.

In this regard, it is noted that the petitioner's requests are narrowly tailored to documentation that is "sufficient to show" a fact, and not the typical request for "all" documents of a certain category. Furthermore, the inquiries are properly focused on determining whether the individuals are independent contractors, or employees, and the amount of money the respondent earned, in order to ascertain whether there is a jurisdictional basis for this matter.

The Supreme Court held in Oklahoma Press Pub. Co. v. Walling, 327 U.S. 186, 209 (1946), that a subpoena is to be enforced upon a showing that the investigation is for a lawfully authorized purpose, the documents sought are relevant to the inquiry, and the demand for production is reasonable. In this case, the Department of Labor has made such a showing through the petition and the verified declaration. See United States v. Davis, 636 F.2d 1028, 1034 (5th Cir. 1981). As indicated, the respondent has failed to controvert the showing or raise any other viable defense to the subpoena.

I therefore recommend that the respondent be ordered to comply with requests 5, 6, 8 and 10 of the subpoena *duces tecum* served upon it by the Department of Labor, Wage and Hour Division. Further, I recommend that, as requested by the petitioner, an Order be entered tolling the statute of limitations by the number of days between October 14, 2016, when the

documents were due, and the day the documents are produced.

Respectfully submitted,

*[signature]*

THOMAS G. WILSON
DATED: JANUARY 31, 2017  UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).